UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

MARK BRANNAN and
KELLY BRANNAN                                    CASE NO. 02-16647-MAM
                                                 Chapter 13
    Debtors.

---

MARK BRANNAN and
KELLY BRANNAN,

    Plaintiffs,

vs.                                              Adversary No. 04-

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiffs Mark Brannan and Kelly Brannan, individually and on behalf of all other persons similarly situated, bring this Complaint against Defendant Wells Fargo Home Mortgage Inc., and allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157. As to all causes of action, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. All causes of action are based on the Bankruptcy Code of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4. Plaintiffs are resident citizens of the State of Alabama, and are the debtors in Case No. 02-16647-MAM filed in this Court.

5. Defendant Wells Fargo Home Mortgage Inc. ("Wells Fargo") is a corporation doing business in the State of Alabama.

## III. FACTUAL ALLEGATIONS

6. Plaintiffs filed a Chapter 13 case in this Court on November 21, 2002.

7. On March 31, 2003, the Defendant filed an improper and false affidavit in support of the motion for relief from stay that Defendant filed in Plaintiffs' bankruptcy case. Defendant's affidavit was improper and false in that the signature page was executed separate and apart from the other pages of the affidavit.

8. The Defendant filed improper and false affidavits or declarations in the bankruptcy cases of each of the class members in support of motions for relief from stay, motions for adequate protection or similar motions filed by Defendant. These affidavits and declarations were improper and false in that the signature pages were executed separate and apart from the other pages of these affidavits and declarations.

2

## IV. CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action as a class action individually and on behalf of a class which is defined as follows:

> All individuals who have filed a Chapter 13 or Chapter 7 bankruptcy case in which the Defendant filed, or caused to be filed, an improper or false affidavit or declaration in support of a motion for relief from stay, motion for adequate protection or a similar motion filed by Defendant.

Excluded from the class are any employees, officers or directors of the Defendant or any of their subsidiaries or affiliates, and any of the legal representatives, heirs, successors and assigns of any such employees, officers or directors.

10. This action may properly be maintained as a class action pursuant to Bankruptcy Rule 7023 and Rule 23 of the Federal Rules of Civil Procedure.

11. The members of the class are so numerous that joinder of the individual claims is impractical. Plaintiffs believe that there are thousands of individuals in whose bankruptcy cases the Defendant filed improper and false affidavits or declarations. The precise number of class members and their addresses are presently unknown to Plaintiffs, but can be easily obtained from the Defendant's files, records and databases. Class members can be notified of the pendency of this action by mail and/or published notice.

12. Common questions of law and fact exist as to all members of the class. These questions predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

a. The propriety of the Defendant's practice of filing improper and false affidavits and declarations in support of motions for relief from stay, motions for adequate protection and similar motions.

b. Whether Defendant's practices constitute an abuse of the bankruptcy process.

c. Whether Defendant's practices constitute fraud on the court.

d. The nature of any injunctive relief which should be afforded to the class to prevent the continuation of the wrongful conduct of the Defendant.

e. Whether the Defendant should be required to disgorge the benefits it has obtained from its wrongful conduct.

f. The nature and amount of damages which should be paid.

g. The nature and amount of sanctions that should be assessed.

13. Plaintiffs' claims are typical of the claims of members of the class. Plaintiffs and each member of the class have had improper and false affidavits or declarations filed in their bankruptcy cases by the Defendant. Plaintiffs and each of the members of the class have sustained damages resulting from Defendant's illegal and fraudulent practice. If the Defendant is not enjoined from engaging in this illegal and fraudulent practice in the future, additional members of the class will suffer.

14. Plaintiffs are adequate representatives of the class because (a) their interests do not conflict with the interests of the individual members of the class they seek to represent; (b) they have retained counsel who are competent and experienced in complex class action litigation; and (c) they intend to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their counsel.

4

15. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the class. Absent a class action, most members of the class would not only be unaware of the illegal and fraudulent practices of the Defendant, but would find the cost of litigating their individual claims to be prohibitive and would not have an effective remedy at law. Because of the size of the individual class members' claims, few could afford to seek legal redress for the wrongs alleged herein. Without a class action, the class members will continue to suffer harm and the Defendant's violations of law will have occurred and will continue to occur without remedy. Hence, class treatment is the only method by which all the class members' common claims can be economically and expeditiously adjudicated in one proceeding, thus precluding the possibility of multiple trials and inconsistent judgments.

### V.   FIRST CAUSE OF ACTION

16. Plaintiffs readopt and reallege paragraphs 1 through 15 the same as if fully set out herein.

17. Defendant's actions violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process.

18. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105 of the Bankruptcy Code.

WHEREFORE, Plaintiffs and the class demand relief and judgment against Defendant as follows:

A. An order declaring Defendant's practices illegal and fraudulent.

B.  An order awarding actual damages, attorney fees, costs and punitive damages, and imposing appropriate sanctions and other relief.

C.  An order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiffs' counsel for prosecution of this action.

D.  Such other and different relief as may be appropriate, the premises considered.

## VI. SECOND CAUSE OF ACTION

19. Plaintiffs readopt and reallege paragraphs 1 through 18 the same as if fully set out herein.

20. Defendant's actions violate the Bankruptcy Code and Rules and constitute fraud on the bankruptcy court.

21. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105.

WHEREFORE, Plaintiffs and the class demand relief and judgment against Defendant as follows:

A.  An order declaring Defendant's practices illegal and fraudulent.

B.  An order awarding actual damages, attorney fees, costs and punitive damages, and imposing appropriate sanctions and other relief.

C.  An order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiffs' counsel for prosecution of this action.

D.  Such other and different relief as may be appropriate, the premises considered.

6

## VII. THIRD CAUSE OF ACTION

22. Plaintiffs readopt and reallege paragraphs 1 through 21 the same as if fully set out herein.

23. Plaintiffs and all class members whom they seek to represent are entitled to an order declaring that Defendant's acts and practices described herein violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court; and this Court should permanently enjoin Defendant from engaging in said acts and practices in the future with respect to any debtor who is a member of the class of persons described herein.

24. Defendant's actions violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court.

25. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105.

26. Plaintiffs and the class members are entitled to such other, further and different relief as the Court deems appropriate, the premises considered. Pursuant to the specific equity raised in this proceeding, the Defendant should also be required to pay class counsel reasonable attorneys fees, costs and expenses for the prosecution of this action.

WHEREFORE, Plaintiffs and the class demand relief and judgment against Defendant as follows:

A. An order declaring the Defendant's practices illegal and fraudulent.

B. An order permanently enjoining the Defendant from engaging in the illegal and fraudulent practices described herein.

C. An order awarding actual damages, attorneys fees, costs and punitive damages, and imposing appropriate sanctions and other relief.

D. An order requiring the Defendant to pay reasonable attorneys fees, costs and expenses to Plaintiffs' counsel for prosecution of this action.

E. Such other and different relief as may be appropriate, the premises considered.

OLEN, NICHOLAS & COPELAND P.C.
Post Office Box 1826
Mobile, Alabama 36633
251-438-6957


/s/ Steve Olen
STEVE OLEN (OLENS7621)


/s/ Steven L. Nicholas
STEVEN L. NICHOLAS (NICHS2021)


/s/ Royce A. Ray, III
ROYCE A. RAY, III (RAYRO9197)


CABANISS, JOHNSTON, GARDNER, DUMAS
 & O'NEAL
Post Office Box 2906
Mobile, Alabama 36652
251-433-6961


/s/ Donald J. Stewart
DONALD J. STEWART (STEWD1116)

8