IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In the Matter of: :
 :
MARK BRANNAN and : Case No. 02-16647-MAM
KELLY BRANNAN, : Chapter 13
 :
   Debtors. :
 :
MARK BRANNAN and :
KELLY BRANNAN, :
 :
   Plaintiffs, :
 :
v. :
 :
WELLS FARGO HOME MORTGAGE, INC., : Adversary Proceeding No. 04-01037
 :
   Defendant. :

## MOTION TO DISMISS

Defendant Wells Fargo Home Mortgage, Inc. moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated in Bankruptcy Rule 7012(b), to dismiss the complaint and each count within it, separately, for failure to state a claim upon which relief can be granted. As grounds, defendant shows:

   1.    There is no civil cause of action for filing an allegedly false affidavit or declaration under penalty of perjury.[1] The filing of a false declaration before a federal court constitutes perjury under 18 U.S.C. §§ 1621 and 1623. However, there is no cause of action for violation of these criminal statutes. See Luckett v. Bure, 290 F.3d 493, 497 (2nd Cir. 2002);

---

[1] 28 U.S.C. § 1746 allows unsworn declarations under penalty of perjury in lieu of notarization, so it does not really matter here whether the affidavit at issue was notarized. The affidavit at issue contains the "penalty of perjury" language required by 28 U.S.C. § 1746.

Griffith v. Siemens Automotive, L.P., 1994 U.S. App. Lexis 32311 (4th Cir. 1994) ("this Court is unable to find any basis in law for a civil cause of action for perjury or the subornation of perjury"); Fabbri v. Sheraton Plaza La Reina Hotel, 1992 U.S. App. Lexis 3552 (1992) ("[plaintiff] may not bring a civil claim for fraud or perjury based on 18 U.S.C. § 1623 because that provision is a criminal statute and does not create, explicitly or implicitly, any civil liability"); O'Donnell v. City of Chicago, 2003 U.S. Dist. Lexis 3994 (M.D. Ill. 2003) ("Plaintiff's claims under 18 U.S.C. §§ 1621 and 1623, which penalize perjury and false declarations under oath, fail because these are criminal statutes that offer no civil causes of action"); Ollo v. Mills, 1998 U.S. Dist. Lexis 14024 (M.D. N.C. 1998) ("The criminal statutes upon which these allegations are based, however, do not provide for a private right of action or for the recovery of civil damages"); Gipson v. Callahan, 18 F.Supp.2d 662, 668 (W.D. Tex. 1997) (no private cause of action under 18 U.S.C. § 1621); Van Skiver v. Hill, 1997 U.S. Dist. Lexis 2292 (D. Kan. 1997) ("18 U.S.C. §§ 241, 242, 872, and 1621 are criminal in nature and do not authorize civil actions"); Sordean v. U.S., 1995 U.S. Dist. Lexis 2392 (N.D. Cal. 1995) (no private right of action under Title 18, including §§ 1621-23); Thompson v. Kramer, 1994 U.S. Dist. Lexis 18560 (E.D. Pa. 1994) ("These statutes provide by their plain language for criminal penalties but not for private causes of action"); LaBoy v. Zuley, 747 F.Supp. 1284, 1289 (N.D. Ill. 1990) ("As criminal statutes, §§ 1621 and 1622 do not provide a private cause of action"). The rule against civil actions for perjury applies to affidavits as well as live testimony. Collins v. Walden, 613 F.Supp. 1306, 1314 (N.D. Ga. 1985), aff'd 784 F.2d 402 (11th Cir. 1986); Crowell v. Herring, 392 S.E.2d 464, 430 (S.C. Ct. App. 1990).

      The affidavit/declaration in question here was notarized in South Carolina and filed in Alabama. There is no civil cause of action for perjury, in itself, in either state. Frist v. Gallant,

240 F.Supp. 827, 828 (W.D. S.C. 1965); Snyder v. Faget, 326 So.2d 113, 116-17 (Ala. 1976); Chambliss v. Blau, 127 Ala. 86, 89, 28 So. 602 (Ala. 1899).

Other states follow the same common law rule:

> [T]he rule denying civil damage suits for false testimony and perjury is rooted in sound policy considerations. First, the existence of criminal statutes prohibiting perjury should prove a substantial deterrent. Second, public policy favors any rule of law that supports the finality of judgments. Last, the adversarial system provides ready means by which an aggrieved party may challenge the perjured testimony of a party or witness at the trial.

Tufts v. Madesco Investment Corp., 524 F.Supp. 484, 485 (E.D. Mo. 1981). Apparently the only state which recognizes civil action for perjury is Maine, which has a statute authorizing such an action. See Spickler v. Greenberg, 644 A.2d 469, 470 n.1 (Me. 1994) (recognizing itself as the only state with a civil action for perjury); Cooper v. Parker-Hughey, 894 P.2d 1096, 1100-01 fn 3 (Ok. 1995) (listing jurisdictions which do not allow a civil action for perjury). See also Briscoe v. LaHue, 460 U.S. 325 (1983) (police officer is entitled to immunity for perjury under section 1983); Harris v. FMC Corp., 1995 U.S. App. Lexis 38442 (1995); Ting v. U.S., 927 F.2d 1504 (9th Cir. 1991) ("a civil action for damages for injuries arising for false testimony or perjury is not recognized in California"); Droppleman v. Horsley, 372 F.2d 249, 251 (10th Cir. 1967); Liddell v. Smith, 345 F.2d 491, 494 (7th Cir. 1965) ("The general rule, which is followed by both the Federal Courts and the courts of the State of Illinois, is that in the absence of statute, no action lies to recover damages caused by perjury or subordination of perjury"); Heavrin v. Boeing Capital Corp., 246 F.Supp.2d 728, 733 (W.D. Ky. 2003); Hawk v. Williams, 2003 U.S. Dist. Lexis 20386 (N.D. Tex. 2003) (no civil cause of action for perjury in Texas); Jackson v.

3

Blue Dolphin Communications of North Carolina, L.L.C., 226 F.Supp.2d 785, 791 (W.D. N.C. 2002) (North Carolina law); Kornafel v. U.S. Postal Service, 2000 U.S. Dist. Lexis 711 (E.D. Pa. 2000) (Pennsylvania law); McGahren v. First Citizens Bank & Trust Co., 1997 U.S. Dist. Lexis 14535 (W.D. N.C. 1997) (no cause of action for perjury under North Carolina law for filing a false proof of claim in bankruptcy court); Kansas Food Packers, Inc. v. Corpak, Inc., 1997 U.S. Dist. Lexis 5864 (D. Kan. 1997) (Kansas law); Oxfurth v. Seimens, A.G., 142 F.R.D. 424 (D.N.J. 1991) (New Jersey law); Allin v. Schuchmann, 886 F.Supp. 793, 799, 800 (D. Kan. 1995); Coaker v. Daniel Construction Co., 664 F.Supp. 1079, 1081 (W.D. Ky. 1987) (Kentucky law); K.W. Thompson Tool Co., Inc. v. U.S., 656 F.Supp. 1077, 1084 (D.N.H. 1987) (New Hampshire law); Safeguard Mutual Ins. Co. v. Miller, 477 F.Supp. 299, 307 (E.D. Pa. 1979) (Pennsylvania law); Smith v. Sinclair, 424 F.Supp. 1108, 1113 (W.D. Ok. 1976) ("It is fundamental that in the absence of statute an unsuccessful litigant may not maintain a civil suit for damages against a person for alleged perjury committed by him in an civil action, a criminal prosecution or other proceeding, either as a party or a witness").

2. The contention that defendant filed an affidavit on which the signature page was executed separately fails to state a cause of action. The only wrongdoing alleged in the complaints is: "Defendant's affidavit was improper and false in that the signature page was executed separate and apart from the other pages of the affidavit." Under 28 U.S.C. § 1746, documents signed under penalty of perjury are treated as verified and satisfy affidavit requirements in federal proceedings. Burgess v. Moore, 39 F.3d 216, 217-18 (8th Cir. 1994). For example, an unsworn declaration which lacks a notary's seal but indicates that it has been made under penalty of perjury is admissible on motion for summary judgment. Pfeil v. Rogers, 757 F.2d 850 (7th Cir. 1985). See also Dickinson v. Wainwright, 626 F.2d 1184, 1185 (5th Cir.

1980).  "As long as an unsworn declaration contains the phrase 'under penalty of perjury' and states that the document is true, the verification requirements of 28 U.S.C. § 1746 are satisfied." Kersting v. U.S., 865 F.Supp. 669, 676-77 (D. Hawaii 1994).  The fact that the statement is not dated by the declarant does not matter if the date of signing or approximate date is demonstrable. EEOC v. World's Finest Chocolate, Inc., 701 F.Supp. 637, 639 (N.D. Ill. 1988).  The applicable law, 28 U.S.C. § 1746, does not prohibit the signature page of a declaration being executed "separate and apart from the other pages," as alleged in the complaint.

3. The plaintiffs seek compensatory and punitive damages but have failed to allege that they have been damaged as a proximate result of any act by defendant. Continental Eagle Corp. v. Molrzycki, 611 So.2d 313, 320 (Ala. 1992).

4. Plaintiffs' claim for punitive damages should be dismissed because they have failed to allege any act on the part of defendant which would allow punitive damages.  Under Alabama law, punitive damages may be awarded only in a tort action "where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Ala. Code § 6-11-20.  The plaintiffs have made none of those claims.  The plaintiffs contend that the affidavits were "fraudulent" but do not state a cause of action for fraud without a description of the misrepresentation and an allegation of reliance and damages proximately caused by reliance upon the alleged fraud.

5. The injunctive relief sought by the plaintiffs exceeds the Court's authority under Bankruptcy Code § 105(a).

> While the bankruptcy courts have fashioned relief under Section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roaming commission to do equity.

U.S. v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986). ("Even the broad powers of the bankruptcy courts to fashion equitable remedies. . . must be exercised only within the confines of the Bankruptcy Code." In re Haber Oil Co., 12 F.3d 426, 442-43 (citing Norwest Bank of Worthington v. Ahlers, 485 U.S. 197, 206 (1988)). "Bankruptcy courts cannot use their equity powers under Section 105(a) to fashion substantive rights and remedies not contained in the Bankruptcy Code or Rules or to negate substantive rights or remedies that are available." In re Smith, 21 F.3d 660, 666 (5th Cir. 1994).

In the case at hand, the plaintiffs do not allege any violation of the Bankruptcy Code or Bankruptcy Rules. Plaintiffs allege only that the defendant has filed false affidavits, which, as discussed above, is a federal crime -- not a violation of the Bankruptcy Code. Bankruptcy Code § 105(a) does not empower the Court to enjoin actions which are not prohibited under the Bankruptcy Code.

6. This Court lacks jurisdiction under 28 U.S.C. § 1334 over claims relating to debtors whose cases were filed in other districts. See In re Cline, 282 B.R. 686 (W.D. Wash. 2002).

7. Plaintiffs have waived any complaints they may have about the affidavit submitted by defendant in support of its motion for relief from stay and are estopped from now complaining by their failure to raise the issue at the time and by their failure to appeal the court's

ruling on that motion. If plaintiffs contend that the affidavit was false and that the court was defrauded, they should move to set aside the order, not file a separate suit to attack it collaterally.

It is well settled that "a party may not sit silently by, letting claimed error occur and then seek relief...." Sadowski v. Bombardier, Ltd., 539 F.2d 615, 618 (7th Cir. 1976). Specifically, "objections to irregularities in affidavits must be taken in apt time or they will be waived." 2A C.J.S. Affidavits § 24, at 454 (1972). With respect to claims of "fraud on the court," "if the aggrieved litigant had an opportunity to discover [and object to] the wrongdoing in the underlying action," his "failure to do so 'constitutes a basis for denying'" relief for such fraud. Fitzgerald v. Field, 1998 U.S. Dist. LEXIS 4205, *8 (S.D.N.Y. 1998) (action to vacate judgment for fraud on the court). See also Walsh v. McCain Foods, Ltd., 1995 U.S. Dist. LEXIS 10417 (N.D. Ill. 1995); Weldon v. United States, 845 F. Supp. 72 (N.D.N.Y. 1994).

8. Plaintiffs' "fraud on the court" claim does not state a cause of action because they do not contend the "fraud" made some difference in the result of the underlying stay motion. A party claiming fraud on the court must show that the fraud made some difference in the litigation, that is, that it prevented the party from fully and fairly presenting his case or influenced the court's decision. See Paige v. Sandbulte, 917 F.2d 1108, 1111 (8th Cir. 1990) (affirming denial of motion to vacate judgment for fraud on the court where movant "failed to establish that such misconduct prevented him from 'fully and fairly' presenting his case"); Roberts v. Sears, Roebuck & Co., 1987 U.S. Dist. LEXIS 9521, at *5 (N.D. Ill. Oct. 8, 1987) (granting motion to dismiss plaintiff's action to vacate judgment for fraud on the court where the alleged misconduct "did not alter the result"); Yelverton v. Lehman, 1998 U.S. Dist. LEXIS 13794, at *7 (E.D. Pa. Sept. 4, 1998) (denying motion to vacate judgment for fraud where movant failed to show "that he was prevented from fully and fairly presenting his case as a

consequence" and where alleged fraud "had no effect on the ultimate disposition of" the case); Stonger v. Sorrell, 776 N.E.2d 353, 358 (Ind. 2002) ("To prove fraud on the court..., there must be a showing that the trial court's decision was actually influenced.").

<u>Statement re core status</u>:  Defendant contends that this matter is not a "core" proceeding.

                                                   s/ Henry Callaway
                                                   HENRY A. CALLAWAY, III   (CALLH4748)
                                                   Attorney for Defendant Wells Fargo Home Mortgage, Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
(251) 694-6224

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel for all parties electronically and by postage prepaid, United State Mail on this the 6th day of April, 2004.

                                                   s/ Henry Callaway

| | |
|---|---|
| Steve Olen, Esq. | Donald J. Stewart, Esq. |
| Steven L. Nicholas, Esq. | Cabaniss, Johnston, Gardner, |
| Royce A. Ray, III, Esq. |    Dumas & O'Neal |
| Olen, Nicholas & Copeland, P.C. | Post Office Box 2906 |
| Post Office Box 1826 | Mobile, Alabama 36652 |
| Mobile, AL 36633 | |

M: 199710
212194_1