UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

MARK BRANNAN and
KELLY BRANNAN                                            Case No. 02-16647-MAM-13

    Debtors

MARK BRANNAN and
KELLY BRANNAN

    Plaintiffs

v.                                                       Adv. No. 04-01037

WELLS FARGO HOME MORTGAGE, INC.

    Defendant

**ORDER DENYING MOTION TO DISMISS AND DENYING
MOTION TO STAY DISCOVERY**

Henry A. Callaway, III, Hand Arendall, L.L.C., Attorneys for the Defendant, Mobile, AL
Steve Olen, Steven L. Nicholas, Royce A. Ray, III, Olen, Nicholas & Copeland, P.C.,
    Attorneys for the Plaintiffs, Mobile, AL
Donald J. Stewart, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Attorneys for the
    Plaintiffs, Mobile, AL

This case is before the court on the motion of the defendant, Wells Fargo Home Mortgage, Inc. to dismiss the complaint pursuant to Fed. R. Bankr. P. 7012. This court has jurisdiction to hear this matter pursuant to 28 U.S.C.§ § 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court has the authority to enter a final order. For the reasons indicated below, the court is denying the motion to dismiss the complaint and is also denying the motion to stay discovery.

1

FACTS

This case was commenced by Mark and Kelly Brannan on February 27, 2004. Their suit alleges that Wells Fargo filed "an improper and false affidavit in support of the motion for relief from stay" in their bankruptcy case. The reason the affidavit was improper and false was that "the signature page was executed separate and apart from the other pages of the affidavit." The debtors assert that the affidavit, as filed, constitutes a fraud on the court and/or an abuse of the bankruptcy process. The complaint also alleges that improper and false affidavits were filed in numerous other cases and a class of plaintiffs should be certified by the court. The Brannans seek, on behalf of themselves and a class they wish to have certified, a variety of remedies: injunctive relief to prevent continuation of the conduct, disgorgement of benefits obtained from the conduct, damages, and/or sanctions.

LAW

Wells Fargo asserts that the Brannans' complaint should be dismissed because (1) there is no civil cause of action for filing a false affidavit; (2) the complaint fails to state a cause of action; (3) the complaint fails to allege that the plaintiffs have been damaged by the actions of Wells Fargo; (4) the complaint fails to state a grounds for punitive damages to be awarded; (5) the request for injunctive relief exceeds the authority of the court under § 105; (6) the court lacks jurisdiction over the claims; (7) the plaintiffs have waived their rights to object to the affidavit; and (8) the complaint fails to state a "fraud" cause of action. The Brannans assert that the complaint should not be dismissed.

A.

The defendant seeks dismissal of this complaint pursuant to Fed. R. Bankr. P. 7012(b) which incorporates Fed. R. Civ. P. 12(b)(6) and (7). Wells Fargo bears the burden of proving that,

2

based upon the facts stated in the complaint, it is entitled to a dismissal. Under Fed. R.Civ. P. 12(b)(6), dismissal of a complaint is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F. 3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)) . "On a motion to dismiss the court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the plaintiffs." *Hornfield v. City of North Miami Beach*, 29 F. Supp. 2d 1357, 1361 (S.D. Fla. 1998). A very low threshold must be reached for a complaint to survive a motion to dismiss. Id. at 1361 (citing to *Ancata v. Prison Health Servs., Inc.*, 769 F. 2d 700, 703 (11th Cir. 1985)). The court will discuss below each of Wells Fargo's assertions in turn.

B.

As to issues 1-5 and 7 and 8, the court has issued an opinion that responds to these issues in *Monica Thigpen v. Matrix Financial Services Corporation*, Case No. 02-14280-MAM-13, Adv. No. 04-01035. That opinion is incorporated by reference and is attached to this opinion. [1]

---

[1] Unlike the Thigpen case that involved an Arizona notary, this case involves a South Carolina notary. The court found no South Carolina case holding a person civilly liable for improper notarization. In *In re McGuinn*, 272 S.C. 366, 252 S.E.2d 122 (S.C. 1979), the South Carolina Supreme Court disciplined an attorney who violated the state statutes as to notarization. It stated: "This Court is shocked by respondent's abuse of the office of notary public. A notary is a public officer, who, by his hand and seal, authenticates certain classes of documents. See Code ss 26-1-10 et seq. (1976) . . .The credibility of notarized documents is essential to the viability of our legal system." *Id.* Section 26-3-60 of the South Carolina statutes states: "The words '*acknowledged before me*' mean: (1) That the person acknowledging appeared before the person taking the acknowledgment; (2) That he acknowledged he executed the instrument." (Italics in original) The statute makes it clear that an instrument and signature must be one document at the time of signing and acknowledgment. This court concludes that South Carolina courts would find improper notarization to be an abuse of the judicial process or sanctionable conduct based upon the case law and statute.

3

Case 04-01037   Doc 22   Filed 05/25/04   Entered 05/25/04 14:13:28   Desc Main
Document      Page 3 of 18

C.

Wells Fargo alleges that the court has no jurisdiction over the claims asserted in this case. This court has previously ruled in a similar case that it does have jurisdiction. The reasoning of that ruling is incorporated by reference. *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr. S.D. Ala. 2000).

D.

Wells Fargo has requested a stay of all discovery in this case pending resolution of this motion. The court granted a stay of all discovery except discovery relating to the named plaintiffs on the premise that the limited discovery as to the Brannans' claim only was not overly burdensome or intrusive. Since the court is denying the motion to dismiss, it is appropriate now to completely deny the motion for a stay of discovery. Discovery should proceed as expeditiously as possible to put this case in a posture for a hearing on the motion for class certification.

IT IS ORDERED that the motion of Wells Fargo Home Mortgage, Inc. to dismiss the plaintiffs' complaint is DENIED and the motion of Wells Fargo Home Mortgage, Inc. to stay plaintiffs' discovery is DENIED.

Dated:   May 25, 2004

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

MONICA THIGPEN  Case No. 02-14280-MAM-13

    Debtor

MONICA THIGPEN

    Plaintiff

v.  Adv. 04-01035

MATRIX FINANCIAL SERVICES
CORPORATION

    Defendant

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DENYING ANY FURTHER STAY OF DISCOVERY**

M. Warren Butler, William E. Shreve, Jr., Jeffery Hartley, Mobile, Alabama, Attorneys
    for the Defendant
Steve Olen, Steven L. Nicholas, Royce Ray, Mobile, Alabama, Attorneys for the Plaintiff
Donald J. Stewart, Mobile, Alabama, Attorney for the Plaintiff

This case is before the court on the motion of the defendant, Matrix Financial Services Corporation, to dismiss the case pursuant to Fed. R. Bankr. P. 7012(b)(6). This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court has the authority to enter a final order. For the reasons indicated below, the court is denying the motion to dismiss and denying any further stay of discovery in this case.

1

Case 04-01037    Doc 22    Filed 05/25/04    Entered 05/25/04 14:13:28    Desc Main
Document    Page 5 of 18

## FACTS

This case was commenced by Monica Thigpen on February 27, 2004. Her suit alleges that Matrix filed "an improper and false affidavit in support of the motion for relief from stay" in her bankruptcy case. The reason the affidavit was improper and false was that "the signature page was executed separate and apart from the other pages of the affidavit." The debtor asserts that the affidavits, as filed, constitute a fraud on the court and/or an abuse of the bankruptcy process. The complaint also alleges that improper and false affidavits were filed in numerous other cases and a class of plaintiffs should be certified by the court. Ms. Thigpen seeks, on behalf of herself and the class, a variety of remedies: injunctive relief to prevent continuation of the conduct, disgorgement of benefits obtained from the conduct, damages, and/or sanctions.

## LAW

Matrix has filed a motion to dismiss the case pursuant to Fed. R. Bankr. P. 7012(b)(6). Matrix asserts six reasons this motion should be granted: (1) the complaint fails to state a claim upon which relief may be granted; (2) the complaint fails to allege any act constituting a fraud on the court, a violation of the Bankruptcy Code or Rules, or an abuse of the bankruptcy process; (3) the complaint fails to identify any Bankruptcy Code provision or Bankruptcy Rule or process violated by the alleged conduct; (4) the plaintiff was not damaged by the alleged conduct whether it was appropriate or not; (5) the plaintiff waived her right to object to the affidavit by not doing so at the relief from stay hearing in her case; and (6) plaintiff's claims are barred by res judicata. The plaintiff, Ms. Thigpen, disputes all of these allegations.

2

A.

The defendant seeks dismissal of this complaint pursuant to Fed. R. Bankr. P. 7012(b) which incorporates Fed. R. Civ. P. 12(b)(6) and (7). Matrix bears the burden of proving that, based upon the facts stated in the complaint, it is entitled to a dismissal. Under Fed. R.Civ. P. 12(b)(6), dismissal of a complaint is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F. 3d 117, 120 ( 11th Cir. 1994) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)) . "On a motion to dismiss the court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the plaintiffs." *Hornfield v. City of North Miami Beach*, 29 F. Supp. 2d 1357, 1361 (S.D. Fla. 1998). A very low threshold must be reached for a complaint to survive a motion to dismiss. Id. at 1361 (citing to *Ancata v. Prison Health Servs., Inc.*, 769 F. 2d 700, 703 (11th Cir. 1985)). The court will discuss below each of Matrix's assertions.

B.

The facts as stated in plaintiff's complaint are taken as true. Therefore, if Ms. Thigpen could prevail if she proves that the signature page of the affidavit was executed separately from the contents of the affidavit itself, the motion to dismiss must fail. There is, at least in Alabama, a civil cause of action against a notary under these circumstances. In the case of *First Bank of Childersburg v. Florey*, 676 So.2d 324 (Civ. App. Ala. 1996) a bank and its employee were held liable to parties harmed by an improper notarization.

> The liability of a notary public is founded on the common law and predates any statutory duty. *Independence Leasing Corp. v. Aquino*, 111 Misc.2d 1039, 445 N.Y.S.2d 893, 894 (Buffalo City Ct. 1981). A notary has the duty to use ordinary

reasonable care in the performance of his functions. *Immerman v. Ostertag*, 83 N.J. Super. 364, 370, 199 A.2d 869, 873 (1964). As the Alabama Supreme Court observed in *Butler v. Olshan*, 280 Ala. 181, 190-91, 191 So.2d 7, 16 (1966), 'a notary public is not an insurer, but he is under a duty to his clients to act honestly, skillfully, and with reasonable diligence.' 'In the absence of statute, a notary is held to the care and diligence of a reasonably prudent man to ascertain the acknowledger's identity, but is not an insurer of the truth of the recitals.' *Manufacturers Acceptance Corp. v. Vaughn*, 43 Tenn.App. 9, 29-30, 305 W.E.2d 513, 522 (1957) (quoting *Figuers v. Fly*, 137 Tenn. 358, 369, 193 W.E. 117, 120 (1917)).

*Florey*, 676 So.2d 324, 331.

The Court in *Florey* gave this instruction to the jury:

> A notary public owes to his clients a duty to act honestly, skillfully, and with reasonable diligence. This duty imposed on a notary public requires the notary to ascertain the identity of the person whose signature they attest. Therefore, this duty cannot be fulfilled unless the transaction is done by or before the notary. For these reasons the duty of the notary public requires that he not wilfully and intentionally certify that a person has acknowledged the execution of a conveyance when the person did not acknowledge the execution before the notary. When a notary does such, this would constitute constructive fraud.

*Florey*, 676 So.2d 332

The Court of Civil Appeals held that this instruction was proper. The Court based this ruling on the holding of *Central Bank of the South v. Dinsmore*, 475 So.2d 842, 845 (Ala. 1985). In that case, the Supreme Court stated:

> In order for an acknowledgement to be effective, it must clearly identify the person or persons who executed the conveyance, and **the person signing the instrument must have appeared before the notary and acknowledged that he signed the instrument.**

(Emphasis added by this court)

The acknowledgement itself states that the affidavit is "subscribed and sworn to before me." The language on its face requires an appearance and a complete affidavit.

4

In the *Florey* case, the Bank and its employee were sued for fraud due to a fraudulent notarization. This was a civil suit against both the notary and the party who employed the notary. The court affirmed a judgment against the bank on this theory.

If the signature page of an affidavit is executed separate and apart, and the notary has not had the signor acknowledge the contents of the affidavit, then the notary's duty of care is violated. The signor of the separate signature page has also been negligent.

The affidavit in this case was notarized by an Arizona notary. There is in Arizona a civil cause of action against a notary. In *City Consumer Services, Inc. v. Metcalf*, 161 Ariz. 1, 775 P.2d 1065 (Ariz. 1989), a notary was held liable for damages due to negligent conduct as a notary. Arizona has a state statute, A.R.S.§ § 33-503 *et seq.*, that requires, among other things, that "the person whose signature is being acknowledged have 'appeared' before the notary and 'acknowledged he executed the instrument.' A.R.S.§ 33-503(1)." *Metcalf*, 775 P.2d 1065, 1068. If the signature page of the affidavit is executed separate and apart from the contents of the affidavit as alleged in this case, then that statute has been violated. If the signature page is not signed in conjunction with the contents of the affidavit, then the signor cannot have "acknowledged he executed the instrument." In that case, the statute is violated.

There are cases in other jurisdictions that also make clear the duty of a notary and that actions may be taken against persons who improperly notarized documents. E.g., *Colorado v. Peters, et al.*, 82 P.3d 389 (Colo. 2003) ( disciplining attorney who obtained notarization of process server's signature when server was not present); *Kentucky Bar Ass'n v. Reisenfeld*, 4 S.W.3d 141 (Kent. 1999) (disciplining attorney who had client sign blank sheets of paper which he attached to later typed affidavits); *Cincinnati Bar Ass'n v. Reisenfeld*, 84 Ohio St.3d 30, 701

5

N.E.2d 973 (Ohio 1998) (same); *Sambor v. Kelley*, 271 Ga. 133, 518 S.E.2d 120 (Ga. 1999) (disallowing affidavit where notary administered oath over the telephone); *Kirkeby v. Covenant House*, 157 Or. App. 209, 976 P.2d 241 (Ore. 1998) (finding will improperly executed when acknowledgement of signature was done telephonically); *Schmidt v. Feldman*, 230 Ga. App. 500, 497 S.E.2d 23 (Ct. App. Ga. 1998) (holding affidavit improperly notarized when paralegal administered the oath over the telephone); *Florida Bar v. Farinas*, 608 So.2d 22 (Fla. 1992) (disciplining attorney for notarizing signatures of an out of state client on interrogatories when the client was not present before him); *In the Matter of the Application for the Discipline of John T. Finley*, 261 N.W.2d 841 (Minn. 1978) (disciplining attorney for notarizing affidavits not signed in his presence, relying instead on assurances of friend and business associate that signatures were valid).

Ms. Thigpen seeks to hold Matrix liable for its actions resulting in an employee or employees signing a signature page for an affidavit separate from the other pages of the affidavit and/or to hold Matrix liable for its actions resulting in its counsel preparing the affidavits. Several cases that the court found have sought to hold employers liable for the actions of their employees in improper notarization cases. *E.g., First Bank of Childersbury v. Florey*, 676 So.2d 324 (Ala. 1996); *Grossman v. Liss & Associates, P.C.*, 2003 WL 328039 (Mich. App. 2003).

Based upon all of the cases cited above, which are not intended to be an exhaustive listing, improper notarization can subject notaries or their employees or associates to damage or disciplinary claims. Ms. Thigpen is pursuing relief based upon the theory that the conduct of Matrix in execution of the affidavits is sanctionable as an abuse of the bankruptcy system under

11 U.S.C.§ 105 or as conduct that is a fraud on the court that should be punished under the inherent power of the court.

Do the tort actions and disciplinary actions translate into actions under § 105 or the inherent powers of the court? Such actions could be conduct sanctionable under § 105 or the inherent powers if the actions meet the criteria for sanctions. As shown below, courts have sanctioned unacceptable behavior.

Bankruptcy courts have ruled that sanctions are warranted under § 105 against parties who willfully abuse the judicial process. *In re Gorshtein*, 285 B.R. 118 (Bankr. S.D.N.Y. 2002). This power is broad enough to empower the court to impose sanctions in for "filings [in a case] as well as commencement or continuation of an action in bad faith." (citing to *In re Spectee Group, Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995). The *Gorshtein* case is similar to this one. Secured institutional creditors were sanctioned for making false statements in affidavits filed with bankruptcy courts in conjunction with motions for relief from the stay. The *Gorshtein* court pointed out that courts have found bad faith when a party "has misrepresented facts in its submissions to the Court," and when false representations [are made] during bankruptcy proceedings." *Gorshtein* at 285 B.R. 125 (citing *In re Johnson*, 708 F.2d 865, 868 (2nd Cir. 1983) and *In re French Bourekas*, 175 B.R. 517, 524 (Bankr. S.D.N.Y. 1994)). As stated in *Gorshtein*:

> Whether the cause of the false certification should be labeled intent to deceive, gross negligence, incompetence or mere inadvertence is indeterminable and, in any event, really does not matter. It does not matter because the result is the same for the debtor and the judicial process, which will be victimized by the misstatement if for any reason the debtor fails to respond timely to a baseless motion.

The integrity of the judicial process is undermined when the court is asked to grant substantive relief based on a certification of purported fact which is contradicted by the movant's own records.

*Gorshtein*, 285 B.R. at 126.

Violating a state statute, if proven, could meet this same test. Violating known standards of care for notaries public, even if not codified, if proven, could meet this test. A court should be able to rely upon the integrity of the notary process in accepting affidavit testimony in court.

Bankruptcy courts have also been held to have the authority to sanction for litigation abuse under the inherent power of the court.[1] *Chambers v.NASCO, Inc.*, 501 U.S. 32 (1991); *Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc.*, 108 F3d 609 (5th Cir. 1997); *Hardy v. U.S.*, 97 F.3d 1384 (11th Cir. 1996); *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996); *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567 (11th Cir. 1995); *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir. 1994); *In re VIII South Michigan Associates.* 175 B.R. 976 (Bankr. N.D. Ill. 1994). The behavior must be tantamount to bad faith, i.e., be knowing or reckless behavior. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 223, 115 L.Ed.2d 27 (1991); *Dyer v. Lindblade (In re Dyer)*, 322 F.3d 1178 (9th Cir. 2003); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002).

District courts have sanctioned similar behavior as well. In *Mercury Services, Inc. v. Allied Bank of Texas*, 117 F.R.D. 147 (C.D.Cal. 1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990),

---

[1] "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of judgments, orders, and writs of the courts and, consequently, to the due administration of justice. The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power." *Ex Parte Robinson*, 86 U.S. 505, 510 (1873).

questioned on other grounds by *Tread Systems Corp. v. Southeastern Express Corp.*, 64 F.3d 1338, 1340 n. 21 (1995), a senior vice president of Allied Bank was sanctioned for filing an affidavit as to which he had no personal knowledge of the facts. The court stated:

> Pursuant to Rule 11 and its inherent powers, the court finds that sanctions are appropriate both because the statement that Eldred had personal knowledge is false and because the representations about the bank's California contacts are misleading. The Declaration is a paper filed without factual foundation that led to otherwise unnecessary inquiries and arguments by the plaintiffs. Furthermore, its filing warrants punishment to deter similar conduct that demonstrates disrespect for the dignity and authority of the courts.
>
> *Mercury Services*, 117 F.R.D. at 158-59.

This court concludes that the plaintiff has stated a complaint upon which relief may be granted. If the debtor can prove that Matrix knowingly filed an affidavit whose execution violated a state statute, sanctions might be warranted. If the debtor can prove that Matrix filed an affidavit that violated a known standard of care, sanctions might be warranted. If the actions are sufficient to result in punishment of attorneys who violate the standards and to result in judgments against notaries and their employers, then the activity, if proven, may be sanctionable if it is a systematic, routine practice in the bankruptcy courts. The motion for dismissal of the complaint for failure to state a claim should be denied.

B.

Matrix next asserts that the motion to dismiss should be granted because the complaint fails to allege any act constituting a fraud on the court, a violation of the Bankruptcy Code or Rules, or an abuse of the bankruptcy process. This Court disagrees.

As previously stated the case of *First Bank of Childersburg v. Florey*, 676 So.2d 324 (Ala. 1996), held that a fraudulent notarization could be constructive fraud. *Florey*, 676 So.2d

9

331-32 ("[T]he duty of the notary public requires that he not wilfully and intentionally certify that a person has acknowledged the execution of a conveyance when the person did not acknowledge the execution before the notary. When a notary does such, this would constitute constructive fraud.") The case of *Butler v. Olshan*, 280 Ala. 181, 191 So.2d 7 (Ala. 1966) is in accord. Therefore, if Matrix submitted an improperly executed affidavit to the court, it might constitute a constructive fraud on the court and Ms. Thigpen and other debtors.

As the court explained in Part A above, inappropriate behavior including litigation abuse and fraud can be dealt with by a bankruptcy court pursuant to § 105 of the Code as an "abuse of the bankruptcy process." Another Bankruptcy Code section does not need to be explicitly involved. *Kerney v. Capital One Financial Corp. (In re Sims)*, 278 B.R. 457, 481 (Bankr. E.D.Tenn. 2002). The Sims court stated:

> [C]ourts have utilized their inherent authority to prevent and sanction abuses of judicial power. *See In re Courtesy Inns, Ltd.*, 40 F.3d at 1090 (bankruptcy court had inherent authority to sanction debtor's president for bad faith filing of bankruptcy petition); *Engel v. Bresset (In re Engel)*, 246 B.R. 784, 789-90 (Bankr.M.D.Pa.2000)(§ 105 authorizes bankruptcy court to exercise its inherent powers to sanction attorney's bad faith filing of inaccurate schedules); *First Fed. Sav. and Loan Ass'n of Largo v. Froid (In re Froid)*, 106 B.R. 293, 296 (Bankr.M.D.Fla.1989) (power to correct abusive practices acknowledged but no sanctions entered against creditor who filed and prosecuted discharge complaint); *Mortgage Mart, Inc. v. Rechnitzer (In re Chisum)*, 68 B.R. 471, 473 (9th Cir. BAP 1986) (recognizing power of bankruptcy court to impose sanctions on parties and counsel who willfully abuse the judicial process, but not finding sanctions appropriate against debtor and his attorney for their repeated bankruptcy filings).

Therefore, since the complaint does state a claim for at least constructive fraud and § 105 has been used to punish similar abuses, the motion to dismiss is due to be denied on grounds of

10

failure to allege any act constituting a fraud on the court, a violation of the Bankruptcy Code or Rules, or an abuse of the bankruptcy process.

C.

Matrix alleges that the complaint fails to identify any Bankruptcy Code provision, Rule or process violated by the alleged conduct. This ground is similar to the two grounds listed above. The court has concluded that 11 U.S.C. §105 is the section at issue in this case (as well as the inherent power of the court). The plaintiff does not need to tie the relief to any other Code section. That Matrix has violated statutory and case law as to duties of notaries public, if the complaint's allegations, are proven, is sufficient to be an affront to the dignity of the court and the rights of other litigants who should be able to rely on the oaths of other parties. E.g., *Gorshtein,* 285 B.R. 118 (Bankr. S.D.N.Y. 1995). Matrix's alleged actions would make a sham of the importance of oaths in courts and a sham of the court and debtors' reliance on affidavits creditors are allowed to submit in lieu of live witnesses. Therefore, the motion to dismiss for failure to identify Code provisions, rules, or processes violated is denied.

D.

Matrix asserts that the plaintiff was not damaged by the alleged conduct, even if it did occur. The court must take as true at this point the assertion in the complaint that the debtor was damaged. ("Plaintiff and each of the members of the class have sustained damages resulting from Defendant's illegal and fraudulent practice.") Therefore, this allegations is premature and must be denied.

E.

Matrix asserts that Ms. Thigpen waived her right to object to the affidavit because she did not do so at the hearing on Matrix's motion for relief from the stay. This court has previously

11

ruled that "[w]aiver, estoppel, and laches require relinquishment of a known right." *Sheffield v. Homeside Lending, Inc. (In re Sheffield)*, 281 B.R. 24, 29 (Bankr. S.D. Ala. 2000). At this point, there is no proof that Ms. Thigpen knew or should have known, at the time of the relief from stay hearing, that the affidavit submitted by Matrix in her case was improper or false. Without such proof, the motion is due to be denied on this basis.

F.

Lastly, Matrix asserts that Ms. Thigpen's claim is due to be dismissed because of res judicata or collateral estoppel because the order granting a conditional denial of Matrix's motion for relief from stay is a final order and the objection to the affidavit, if any, could and should have been raised during the contested matter.

Res judicata only bars later litigation of issues that were or could have been raised in the original case. In this case, unless Ms. Thigpen knew or should have known of the alleged falsity or impropriety of the affidavit before the final relief from stay order, res judicata could not apply. In fact, the case of *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549 (11th Cir. 1985), cited by Matrix, supports this view. It states: "Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Travelers Indemnity*, 761 F.2d at 1552. The Court also stated: "Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed to by the normal adversary process." *Travelers*

12

*Indemnity*, 761 F.2d at 1552 (citing *Great Coastal Express v. Brotherhood of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982). The situation alleged by Ms. Thigpen is one which would not have been exposed by the normal adversary process. The truth of the allegations were at issue in Travelers Indemnity; in this case, they are not. Therefore, discovery as to the propriety of the execution of the affidavit would not have occurred.

Matrix alleges that the court's order conditionally denying relief from the stay implicitly finds that the affidavit of Matrix was "proper and true." Matrix cites to the *Travelers Indemnity* case for this authority. The court concludes that this case is very different from the *Travelers* case as to the facts. In *Travelers*, the affidavit was false as to the facts stated within it. The court held that this factual falsity should or could have been discovered during the adversary process. This court agrees. In this case, the plaintiff alleges not that the factual statements in the affidavit were untrue, but that the affidavit was knowingly or recklessly executed in violation of the requirements for an affidavit. A debtor's discovery in a relief from stay case would not be dealing with this issue.

Second, even if the matter were a subject of res judicata between the parties, the plaintiff alleges that the actions were an abuse of the bankruptcy system and should be punished for being an affront to the court's dignity as well. The issue of upholding the integrity of the court system and punishing violations of it was not part of the case between Matrix and Thigpen and, therefore, res judicata does not apply. Therefore, the motion must be denied on res judicata grounds.

Matrix also assert that Ms. Thigpen's claims are barred by collateral estoppel. For collateral estoppel to apply, a matter must have been "actually litigated" in the underlying action.

13

*Barger v. City of Cartersville Georgia*, 348 F.3d 1289, 1293 (11th Cir. 2003). On the face of the complaint, it is not clear whether the matter was "actually litigated" in the relief from stay contested matter (although the court strongly doubts it). In any event, the order does not state that the proper execution of the affidavit was at issue and was resolved. Therefore, the motion must be denied on collateral estoppel grounds.

G.

Matrix had requested a stay of all discovery in this case pending resolution of this motion. The court granted a stay of all discovery except discovery relating to the named plaintiff on the premise that the limited discovery as to Ms. Thigpen's claim only was not overly burdensome or intrusive. Since the court is denying the motion to dismiss, it is appropriate now to completely deny the motion for a stay of discovery. Discovery should proceed as expeditiously as possible to put this case in a posture for a hearing on the motion for class certification.

The court will set a hearing on the plaintiff's motion to strike the defendant's jury demand and the parties will be notified shortly.

IT IS ORDERED that the motion of Matrix Financial Services Corporation to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) and Fed.R.Bankr.P. 7012(b) is DENIED and Matrix Financial Services Corporation's motion for a stay of discovery pending resolution of the motion to dismiss is DENIED.

Dated: May 25, 2004

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

14