IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | : |
| MARK BRANNAN and KELLY BRANNAN, | : Case No. 02-16647-MAM<br>: Chapter 13 |
| Debtors. | : |
| MARK BRANNAN and KELLY BRANNAN, | : |
| Plaintiffs, | : |
| v. | : |
| WELLS FARGO HOME MORTGAGE, INC., | : Adversary Proceeding No. 04-01037 |
| Defendant. | : |

DEFENDANT WELLS FARGO'S MOTION TO WITHDRAW THE REFERENCE
AND SUPPORTING BRIEF

Defendant Wells Fargo Home Bank, N.A.[1] ("Wells Fargo") hereby moves the District Court to withdraw the reference of this adversary proceeding from the Bankruptcy Court, for the disposition of this matter in its entirety and for all matters relating thereto, pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and for the reasons stated herein.

I.   Facts

Plaintiffs have brought this action alleging that Wells Fargo submitted an affidavit in their Chapter 13 bankruptcy proceeding in which the signature page of the affidavit was executed separately from the rest of the document. (Compl. at 2). Plaintiffs allege that the purported

---

[1]   Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. effective May 8, 2004 and is now a division of the bank rather than a separate corporation.

separate execution of the signature page constitutes fraud, improper notarization and abuse of process. (Compl. at 5-8). Plaintiffs seek money damages for their claims. (Id.). Plaintiffs also seek to certify a nationwide class of individuals for whom Wells Fargo has allegedly prepared affidavits with separately executed signature pages and presented these affidavits in bankruptcy actions. (Compl. at 3-5).

As to the claims Plaintiffs has asserted in this action, the Bankruptcy Court has noted: "[The claims] for fraud and/or abuse of process or improper notarization **are not bankruptcy created causes of action**. These are general civil actions that are generally legal, not equitable in nature. Such actions are afforded a jury trial right." Order Denying Stay dated May 25, 2004 at 6, Thigpen v. Matrix Fin. Servs. Corp., Adv. No. 04-01035 (Bankr. S.D. Ala.)[2] (emphasis added) (attached hereto as exhibit A); see also Order dated May 25, 2004, Brannon v. Wells Fargo, Adv. No. 04-01037 (Bankr. S.D. Ala.) (adopting reasoning of Thigpen Order Denying Mot. Dism.).

II.     Argument

Title 28 U.S.C. § 1334(b) provides that United States District Courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." By Standing Order of Reference dated July 20, 1984, this District has referred such matters to the bankruptcy judges.

---

[2] Counsel for Plaintiffs in this action also brought the Thigpen case and the claims asserted in both cases are identical.

Although this District has generally referred matters arising under, in or related to a case under Chapter 11 to the bankruptcy judges, 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." A district court's decision to withdraw the reference is a matter of discretion. See In re Powelson, 878 F.2d 976, 979 (7th Cir. 1989); Security Farms v. Int'l Bd. of Teamsters, 124 F.3d 999, 1009 & n.8 (9th Cir. 1997).

The Eleventh Circuit has directed that a district court should consider the following factors in determining whether to withdraw the reference of a specific case from the bankruptcy court: the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. See Dionne v. Simmons (In re Simmons), 200 F.3d 738, 742 (11th Cir.2000). Additional factors courts have considered include: whether the claim is core or non-core; efficient use of judicial resources; a jury demand; and prevention of delay. See Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine Towing, Inc.), 248 B.R. 841, 844 (M.D. Fla. 2000); TPI Int'l Airways v. FAA (In re TPI Int'l Airways), 222 B.R. 663, 668 (S.D. Ga. 1998). While important, none of the aforementioned factors should prevent a district court "from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." See In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 538 (11th Cir.1991) (also stating: "bankruptcy courts are not Article III courts and therefore may not exercise the judicial power of the United States").

This case is a non-core proceeding wherein Plaintiffs' claims are based on non-bankruptcy law and Wells Fargo has exercised its constitutional right and demanded a trial by

jury.  As this case must be tried by the District Court, the principles of judicial efficiency and economy would be served by withdrawal of the reference at this early stage in the proceedings.

    A.        Non-Core Proceeding

This case constitutes a non-core proceeding.  Under 28 United States Code § 157, "core proceedings" are the equivalent to those "arising under title 11 or arising in a case under title 11," while "non-core" proceedings are synonymous with those "otherwise related" to the bankruptcy estate.  Cont'l Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1349 (11th Cir.1999).  Title 28 U.S.C. § 157(b)(2) provides a non-exclusive list of fourteen types of actions that Congress considers core proceedings.[3]

The Eleventh Circuit has explained: "'Arising under' means that a proceeding invokes a cause of action, or substantive right, created by a specific section of the Bankruptcy Code. 'Arising in' describes administrative matters unique to the management of a bankruptcy estate." Sanchez, 170 F.3d at 1349 (internal citations omitted).

The Eleventh Circuit has also noted:

---

[3]  28 U.S.C. § 157(b)(2) provides:

Core proceedings include, but are not limited to--

(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

> "If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding."

Id. at 1348 (quoting Wood v. Wood (In re Wood ), 825 F.2d 90 (5th Cir.1987)).

As to Plaintiffs' claims, the Bankruptcy Judge has specifically ruled: "[The claims] for fraud and/or abuse of process or improper notarization **are not bankruptcy created causes of action**. These are general civil actions that are generally legal, not equitable in nature. Such actions are afforded a jury trial right." Order Denying Stay dated May 25, 2004 at 6, Thigpen v. Matrix Fin. Servs. Corp., Adv. No. 04-01035 (Bankr. S.D. Ala.) (emphasis added). The Bankruptcy Judge has further explained: "The action is really one for improper notarization. **That civil action is not bankruptcy based**. **It is a tort** based upon negligent or intentional behavior **that could happen in or out of bankruptcy court**." Id. at 3 (emphasis added).

Because Plaintiffs claims are not dependant on bankruptcy law and could have arisen in any action, this is a non-core proceeding.

B.     Wells Fargo's Right to Jury Trial

As noted, the Bankruptcy Judge has already ruled that Wells Fargo is entitled to a jury trial in this action, and Wells Fargo has demanded a jury trial as to all claims and defenses in the case. "Where the Seventh Amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy." In re Kaiser Steel Corp., 911 F.2d 380, 392 (10th Cir. 1990); compare 28 U.S.C. § 157(e) (which provides that a bankruptcy judge may conduct a jury trial only "with the express consent of all

the parties"). A number of courts have ruled that "cause" exists for withdrawal of the reference where a party is entitled to a jury trial which must be conducted by the district court. See, e.g., In re Transcon Lines, 121 B.R. 837 (C.D. Cal. 1990) (withdrawing the reference because defendants constitutionally entitled to jury trial over which bankruptcy judge could not preside); Growers Packing Co. v. Comm. Bank of Homestead, 134 B.R. 438 (S.D. Fla. 1991) (same); In re Marina Bay Drive Corp., 123 B.R. 222 (S.D. Tex. 1990); see also Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 998-99 (5th Cir. 1985) (jury trial right must be considered in determination of withdrawal of the reference).

Wells Fargo's constitutional right to a jury trial in this action thus constitutes cause for this Court to withdraw the reference of this action to the Bankruptcy Court.

    C.    Economy and Efficiency

As this case must be tried by the District Court, the interests of judicial economy and efficiency are served by withdrawal of the reference. Further, because the parties have a right to appeal rulings of the Bankruptcy Court to the District Court, it would be more efficient for the District Court to handle this action from the early stages. See In re NDEP Corp., 203 B.R. 905, 913 (D. Del. 1996) ("Considerations of judicial economy also favor withdrawal . . . . This Court would have been required to review the findings of fact and conclusions of law of the bankruptcy judge in light of the controlling law, so there would have been significant duplication of effort."); Security Farms v. International Bd. of Teamsters, 124 F.3d 999, 1008-09 (9th Cir. 1997) ("Inasmuch as the bankruptcy court's determinations on non-core matters are subject to de novo review by the district court, unnecessary costs could be avoided by a single proceeding in the district court.").

The class action claims present in this case also weigh heavily in favor of withdrawal of the reference. Rule 23(f) of the Federal Rules of Civil Procedure provides for immediate interlocutory appeal to the court of appeals of an order of class certification. However, this right of interlocutory appeal is only available if the order originates from a district court and not the bankruptcy court. Chrysler Financial Corp. v. Powe, 312 F.3d 1241, 1246 (11th Cir. 2002) (bankruptcy rules do not incorporate Rule 23(f)). The right of interlocutory appeal from a class certification order was adopted to provide for "'the orderly progress of complex litigation and the orderly development of the law.'" Prado-Steiman ex. rel. Prado v. Bush, 221 F.3d 1266, 1272 (11th Cir. 2000) (quoting Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 293 (1st Cir. 2000)). Because withdrawal of the reference will preserve the parties' rights to interlocutory appeal of any class certification order, withdrawal of the reference will further the interests of judicial economy and efficiency.

D. Non-Bankruptcy Claims

As shown from the complaint and as the Bankruptcy Judge has ruled, Plaintiffs' claims are based on non-bankruptcy law. Therefore, this case does not require the specialized knowledge of the Bankruptcy Judge and it does not turn on specific application of the Bankruptcy Code. Therefore, because Plaintiffs' claims are in essence non-bankruptcy matters, this entire action should be heard by the District Court.

III. Conclusion

For the reasons stated above, this Court should grant Defendant's motion and withdraw the reference of this adversary action.

s/ Henry Callaway
					HENRY A. CALLAWAY, III   (CALLH4748)
					Attorney for Defendant Wells Fargo Bank, N.A., f/k/a
					Wells Fargo Home Mortgage, Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
(251) 694-6224

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel for all parties electronically and by postage prepaid, United State Mail on this the 4th day of June, 2004.

					s/ Henry Callaway

| | |
|---|---|
| Steve Olen, Esq. | Donald J. Stewart, Esq. |
| Steven L. Nicholas, Esq. | Cabaniss, Johnston, Gardner, |
| Royce A. Ray, III, Esq. |    Dumas & O'Neal |
| Olen, Nicholas & Copeland, P.C. | Post Office Box 2906 |
| Post Office Box 1826 | Mobile, Alabama 36652 |
| Mobile, AL 36633 | |

M: 199710