UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

MARK BRANNAN and
KELLY BRANNAN                                  Case No. 03-16647-MAM-13

　　Debtors

MARK BRANNAN and
KELLY BRANNAN

　　Plaintiffs

vs.                                            Adv. No. 04-01037

WELLS FARGO HOME MORTGAGE, INC.

　　Defendant

**ORDER DENYING DEFENDANTS MOTION FOR LEAVE TO
APPEAL AND TO WITHDRAW REFERENCE AND GRANTING
PLAINTIFFS MOTION TO STRIKE JURY DEMAND**

Henry A. Callaway, III, Attorney for Defendant, Mobile, AL
Steve Olen, Steven L. Nicholas, Royce A Ray, Attorneys for the Plaintiffs, Mobile, AL
Donald J. Stewart, Attorney for the Plaintiffs, Mobile, AL

This case if before the Court on the motion of the defendant, Wells Fargo Home Mortgage, Inc., for leave to appeal and for withdrawal of reference and on the motion of the plaintiffs, Mark and Kelly Brannan, to strike the defendant's jury demand. This court has jurisdiction to hear the motion for leave to appeal and the motion to strike jury demand pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the court has the authority to enter

1

final orders. As to the motion to withdraw the reference, the District Court has the authority to enter an order in that matter and this court will forward the motion to District Court along with this order as its report and recommendation. 28 U.S.C. § 157(d). For the reasons indicated below, this court is denying the motion for leave to appeal, recommending that the District Court deny the motion to withdraw the reference, and granting the motion of the plaintiffs to strike the defendant's jury demand.

FACTS

The court stated most of the facts underlying these motions in the order denying defendant's motion to dismiss this case. The facts will not be restated here and those stated in the order denying the motion to dismiss are incorporated by reference. The only "new" fact is that, in their Memorandum of support of their motion to strike defendant's jury demand, the Brannans clarified that it was their intent to pursue only any recovery due to them, or the potential class they seek to have certified, under § 105 of the Bankruptcy Code for "civil contempt. . . for sanctions for the defendant's abuse of the bankruptcy process." Plaintiffs' Memorandum in Opposition to Motion of Wells Fargo Home Mortgage to Withdraw Reference, p. 9-10.

LAW

As stated above, there are three motions to be dealt with in the order: (1) the Brannans' motion to strike Wells Fargo's jury demand; (2) Wells Fargo's motion to withdraw the reference; and (3) Wells Fargo's motion for leave to appeal the May 25, 2004 order of this court denying its motion to dismiss the case. The court will deal with the motions separately below.

1.

2

The court has issued an order granting the plaintiff's motion to strike the defendant's jury demand in a very similar case. *Thigpen v. Matrix Financial Services Corporation (In re Thigpen)*, Case No. 02-14280-MAM-13, Adv. No. 04-01035, Order denying defendant's motion to reconsider, alter or amend and denying defendant's renewed motion to dismiss and granting plaintiff's motion to strike jury demand (Bankr. S.D.Ala., July , 2004). The court will not restate all of its findings and conclusions in this order. The Thigpen order is incorporated by reference and a copy is attached to this order.

2.

The motion for leave to appeal and the motion for withdrawal of the reference raise similar issues. The court will address the motions together. Both are due to be denied.

The Court entered an order in the Thigpen case denying a stay of discovery pending resolution of the question of withdrawal of the reference by the District Court in that case. Based upon the court's understanding of the causes of action that Ms. Thigpen wished to pursue in that case, the court indicated that the District Court might find the motion to withdraw the reference to be well taken. As stated in the Thigpen order attached, the plaintiff in Thigpen and the plaintiffs in this case state that the court misunderstood the breadth of the relief they were seeking. Based upon the debtors' statements in the memorandum accompanying their motion to strike jury demand, the Brannans only seek civil contempt relief under § 105. That being the case, the action is not one that requires a jury trial. Thigpen, Order granting motion to strike jury demand, pgs 4-6. Therefore, this court reports and recommends to the District Court that withdrawal of the reference is not warranted. The case can be tried without a jury in bankruptcy court and the District Court can hear the case if appealed.

3

The reasons that the reference should not be withdrawn are nearly the same as why the motion for leave to appeal should be denied. In ruling on motions for leave to appeal interlocutory bankruptcy orders pursuant to 28 U.S.C. § 158(a)(3), courts consider the standards used when circuit courts consider interlocutory appeals of district court cases. 28 U.S.C. § 1292(b). Judge Hand, in dealing with a similar motion in another class action case, used the same § 1292(b) standards. *Powe v. Chrysler Financial Corp. (In re Powe)*, 2000 WL 726902 *1 (S.D. Ala. 2000). A court should grant a motion seeking leave to appeal if (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *In re Lykes Brothers S.S. Co., Inc.*, 200 B.R. 933, 938 (M.D. Fla. 1996); *Ichinose v. Homer National Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1991).

Wells Fargo seeks to appeal this court's order denying Wells Fargo's motion to dismiss this case. The court denied the motion because the debtor stated a cause of action for negligent or reckless notarization and stated a cause of action for damages or sanctions for abuse of the bankruptcy process under 11 U.S.C. § 105. Wells Fargo has the burden of persuading this court and the District Court that leave to appeal should be granted. *Clark-Dietz and Associates v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (stating that "[s]ection 1292(b) appeals are exceptional").

As to the first standard, whether the order involves an issue of controlling law, the court concludes that Wells Fargo is correct. The issues that Wells Fargo intends to raise if an appeal is allowed are controlling ones in this case.

As to the second standard, whether there is substantial ground for disagreement, the court concludes that the standard is not met. Although Wells Fargo asserts that other courts have ruled differently as to some of the issues, this court does not believe that the basic issue is one that is even questionable. If Wells Fargo filed an improperly notarized document with this court in the Brannan case in order to obtain relief from this court, this court has the right to sanction the impropriety or award damages under § 105 of the Bankruptcy Code. Section 105 allows the court to "issue any order... necessary or appropriate to carry out the provisions of this title." The court may also "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders... or to prevent an abuse of process."

Wells Fargo states that there has been no case in which an affidavit with a separately executed signature page has been found actionable. It is true that the bankruptcy court found no case directly on all fours with the fact pattern in this case. The court did cite to numerous cases that found affidavits that had been improperly handled that resulted in damage awards or sanctions against the notary. The court also cited to cases in which improper actions of parties to lawsuits were sanctioned as contempt or abuse of process.

Wells Fargo argues that affidavits are not required by statute to be submitted as apart of a motion for relief from the stay. This is true. However, this court allows creditors who submit the evidence necessary to prove their case in chief to do so by affidavit, rather than having a witness appear to verify the facts. The convenience requires an affidavit. Therefore, to say that affidavits are not generally required is not the issue. When a party files an affidavit, the filer must comply with the rules for preparing, executing and notarizing an affidavit. Otherwise, the court would not allow the use.

Case 04-01037    Doc 45    Filed 08/02/04    Entered 08/02/04 15:39:24    Desc Main
Document    Page 5 of 20

Wells Fargo asserts that § 105 does not give the court authority to sanction parties or award damages for an abuse of process. The court will not reiterate what was already stated in the order denying the motion to dismiss and incorporates it by reference.

Finally, Wells Fargo asserts that this court does not have jurisdiction to hear and decide this nationwide class action case. If a creditor in a case in this court and hundreds or thousands of other cases throughout the country is knowingly submitting improper affidavits to courts, this case is appropriate for class action relief. This court has ruled it has jurisdiction to handle such cases. *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr. S.D. Ala. 2000). Other courts have ruled similarly. *Bank United v. Manley*, 273 B.R. 229 (N.D. Ala. 2001).

As to the third standard, whether an immediate appeal would materially advance the ultimate termination of the litigation, the court concludes that the standard is not met. This case is already in the discovery stage of the case. A hearing on class certification will be held shortly. A trial on the merits of the issue will be able to be held as soon as the parties are able to proceed. The district and circuit court would be better served by waiting to hear the issues in this case when the trial is concluded. Efficiency and economy of effort will be served.

Judge Hand has previously considered four motions for leave to appeal in four other similar cases. Judge Hand, in considering some of the same issues raised in this case[1], denied the motions for leave to appeal. *Sheffield v. Homeside Lending (In re Sheffield)*, 2000 WL 726902 (S.D. Ala. 2000); *Powe v. Chrysler Financial Corp. (In re Powe)*, 2000 WL 726903 (S. D. Ala.

---

[1] This case, as the prior cases did, raises the issue of a bankruptcy court's jurisdiction to hear a nationwide class action case involving bankruptcy issues.

6

Case 04-01037   Doc 45   Filed 08/02/04   Entered 08/02/04 15:39:24   Desc Main
                         Document      Page 6 of 20

2000); *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 2000 WL 726904 (S.D. Ala. 2000); *Neal v. Chase Manhattan Bank (In re Neal)*, Civil Action No. 03-0821-BH, Order dated December 9, 2003). Of the nine prior cases filed with this court with some similar issues, four are pending, four settled and one was tried and the final order was not appealed.[2] No withdrawal of the reference was necessary to achieve these results.

CONCLUSION

Wells Fargo moves the court to grant it leave to appeal the order denying its motion to dismiss the case. This court concludes that Wells Fargo's request does not meet the criteria of 28 U.S.C. § 1292(b). Therefore, the motion should be denied.

Wells Fargo also seeks to have the district court withdraw the reference of this case to the bankruptcy court. Since the Brannans seek to limit their adversary case solely to relief available under § 105 of the Bankruptcy Code, Wells Fargo has no right to a jury trial. This court concludes that it has jurisdiction to hear a nationwide class action involving these bankruptcy issues. Therefore, there is no need for the District Court to withdraw the reference and this court reports and recommends to the District Court that it deny the motion.

The Brannans seek to strike the jury trial demand of Wells Fargo. Since the action is one based solely on § 105 and Wells Fargo's alleged abuse of the bankruptcy process, there is no jury trial right and the motion should be granted.

IT IS ORDERED that :

1.  The plaintiffs' motion to strike defendant's jury demand is GRANTED;

---

[2] This count is based upon the judge's own recollection and not an exact tally. The exact number may vary slightly from this count.

7

2. The defendant's motion for leave to appeal is DENIED; and

3. This order is to be considered as a report and recommendation to the District Court as to the defendant's motion to withdraw the reference and the court recommends that the motion be denied.

Dated: August 2, 2004

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

MONICA THIGPEN  Case No. 02-14280-MAM-13

Debtor

MONICA THIGPEN

Plaintiff

vs.  Adv. No. 04-01035

MATRIX FINANCIAL SERVICES
CORPORATION

Defendant

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER, ALTER
OR AMEND AND DENYING DEFENDANT'S RENEWED MOTION TO
DISMISS AND GRANTINGPLAINTIFF'S MOTION TO STRIKE
JURY DEMAND**

Steve Olen, Steven L. Nicolas, Royce A. Ray, III, Attorneys for Plaintiff, Mobile, AL
Donald J. Stewart, Attorney for Plaintiff, Mobile, AL
M. Warren Butler and William E. Shreve, Jr, Attorneys for Defendant, Mobile, AL

This case is before the Court on the motion of Matrix Financial Services Corporation to reconsider, alter or amend, and, alternatively, to renew its motion to dismiss. It is also before the Court on the plaintiff's motion to strike the defendant's jury demand. This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § § 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated

1

below, the Court is denying the defendant's motion to reconsider, alter or amend and its motion to renew its motion to dismiss. The Court is granting the plaintiff's motion to strike the defendant's jury demand, dependent upon the District Court's ruling on the request for withdrawal of the reference.

## FACTS

The Court stated most of the facts underlying these motions in the order denying defendant's motion to dismiss this case and the order denying defendant's request to stay discovery pending a District Court ruling on its motion to withdraw the reference. The facts will not be restated here and those stated in the other two orders are incorporated by reference. The only "new" fact is that, in her Memorandum in support of her motion to strike defendant's jury demand, plaintiff clarified that it was her intent to pursue only any recovery due to her, or the potential class she seeks to have certified, under § 105 of the Bankruptcy Code for "civil contempt . . . for sanctions for the defendant's abuse of the bankruptcy process." Plaintiff's Memorandum in Support of Motion to Strike Defendant's Jury Demand, p 2.

The plaintiff asserts that the Court misunderstood the import of her pleadings and the damages sought. Plaintiff asserts, from Eleventh Circuit case law, that compensatory and punitive damages may be available to plaintiff and her class under § 105. Thus, it is appropriate to pray for punitive damages in a civil § 105 context. Since only civil contempt is sought, the defendant has no jury trial right. Secondly, Thigpen asserts that Matrix waived its right to a jury trial by filing a proof of claim in the bankruptcy case.

Matrix asserts that the punitive damage request makes the cause of action at least a tort action not governed by § 105 and/or a request for criminal contempt. Either of these causes of

2

action would require a jury trial. In its motion to reconsider, Matrix also asserts that if plaintiff's complaint is one for civil contempt, the entire case is due to be dismissed. Civil contempt requires a court order that has been violated. No court order is alleged to be at issue in this case.

Thigpen asserts that she is not seeking relief for civil contempt under the inherent contempt power, but rather under the statutory contempt power of § 105. Section 105 does not require that any specific court order have been violated; only that an abuse of process or inappropriate behavior in conjunction with a stay relief order occurred.

LAW

1.

The Court is ruling on these two motions in one order because the central issue is the same in both. What is the relief that the plaintiff is seeking? If it is civil relief under § 105 only, then no jury trial right exists. If it is not relief that is available under § 105 or is criminal contempt, then a jury trial right does exist.

The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure are notice pleading rules requiring liberal construction of pleadings in the first instance. *In re Yadidi*, 274 B.R. 843 (9th Cir. BAP 2002). Thus, in the ruling on the defendant's motion for stay pending ruling on withdrawal of reference and the motion to dismiss, the court took the broadest view possible of the complaint. This view included viewing the complaint as seeking tort relief and/or criminal contempt relief in which punitive damages are clearly available.

Plaintiff now is agreeing to limit her possible relief to § 105 avenues. As stated in the ruling on the motion to dismiss, the Court clearly finds that such relief is available to plaintiff based on the allegations in her pleadings, if proven at trial. Thigpen v. Matrix Financial Services

Corporation (In re Thigpen), Case No. 02-14280-MAM-13, Adv. No. 04-01035 (Bankr. S.D. Ala. May 25, 2004), Order Denying Stay Pending Disposition of Motion for Withdrawal of Reference, pgs 6-7. The court finds no case law that requires plaintiff to seek broader relief, even if it might be available. The court accepts this narrowing of the complaint for purposes of this order.[1]

2.

The plaintiff says she is seeking "civil contempt" relief. This does not, however, really describe what the plaintiff's complaint seeks. Section 105 relief is very often contempt-related relief. Therefore, most cases call violations of § 105 "contempt". However, § 105 clearly allows for relief for abuse of process and allows any action "necessary or appropriate to enforce or implement court orders." If affidavits have been improperly executed and used to gain relief from the automatic stay, then relief would be available for correction of the improper behavior. The use of the phrase "civil contempt" by Ms. Thigpen is not dispositive of whether her complaint states a ground for relief under § 105. It does. It seeks relief for Matrix's abuse of the bankruptcy process.

3.

As stated in the order denying a stay pending a ruling on the withdrawal of the reference, a jury trial right exists if the cause of action was one that required a jury trial in 18th century England and does not involve a public right. Thigpen v. Matrix Financial Services Corporation (In re Thigpen), Case No. 02-14280-MAM-13, Adv. No. 04-01035 (Bankr. S.D. Ala. May 25,

---

[1] No amended complaint is necessary at this time. The court concludes that the complaint can be read as so limited.

4

2004), Order Denying Stay Pending Disposition of Motion for Withdrawal of Reference, pgs. 6-7. If the debtor is limiting herself to relief under § 105 for abuse of process and improper notarization of affidavits executed in conjunction with relief from stay motions, the debtor is seeking relief that is a public right and such relief was not available in 18th century England. Section 105 and the U.S. bankruptcy system did not exist in 18th century England. The right is a public one, rather than private, because it involves not only the parties, but the integrity of the judicial process and is a matter concerning the administration of the bankruptcy estate.

No jury trial right for contempt or sanctions exists according to case law either. *Ayres v. Walsh (In re East West Constr. Co., Inc.)*, 21 F.3d 1112 (9th Cir. 1994)(unpublished opinion)("While there is a Sixth (sic) Amendment right to a jury trial in certain criminal contempt cases, there is no such right in civil contempt cases"); *Chorney v. Weingarten*, 7 F.3d 218 (1st Cir. 1993)(unpublished opinion)("Absent an express statute, there is no right to jury trial in civil contempt proceedings"); *Fox Valley AMC /Jeep, Inc. v. AM Credit Corp.*, 836 F.2d 366 (7th Cir. 1988)(same); *In re Lucre Mgmnt. Group, LLC*, 288 B.R. 579, 583 (D. Colo. 2003)("The right to a jury trial and other procedural protections apply only to serious criminal contempt sanctions"); *Musslewhite v. O'Quinn (In re Musslewhite)*, 270 B.R. 72 (S.D. Tx. 2000)(same); *In re Rimsat, Ltd.*, 208 B.R. 910 (Bankr. N.D. Ind. 1997)(same). *But see Malone v. Norwest Financial California, Inc.*, 245 B.R. 384 (E.D. Cal. 2000)(stating jury trial right exists as to cause of action under § 524 where plaintiffs seek money damages, including punitive damages, as well as equitable relief); *Cox v. Billy Pounds Motors, Inc.*, 214 B.R. 635, n.4 (Bankr. N.D. Ala. 1997)(stating "serious" civil contempt may require a jury trial if action may do more than strictly

5

compensate the victim for actual losses).[2] The matter is a "core proceeding" because whether

Matrix abused the bankruptcy process is integrally involved in the bankruptcy court's authority to

---

[2] Plaintiff asserts that in *Jove Engineering, Inc. v. IRS (In re Jove Engineering, Inc.)*, 92 F.3d 1539 (11th Cir. 1996), the Eleventh Circuit stated, in dicta, that punitive damages may be available in § 105 actions. The Court stated:

> Section 105(a) states "[t]he court may issue *any* order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.§ 105(a) (emphasis added). Sovereign immunity aside, § 105 uses the broad term "any" which encompasses all forms of orders including those that award monetary relief. The term "any" should be given this broad construction under the "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect." United States V. Nordic Village, 503 U.S. 30, 26, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). The broad term "any" is only limited to those orders that are "necessary or appropriate" to carry out the Bankruptcy Code. Therefore, the plain meaning of § 105(a) encompasses *any* type of order, whether injunctive, compensative or punitive, as long as it is "necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

*Jove Engineering*, 92 F.3d at 1554.

The Eleventh Circuit also stated:

> Section 105 creates a statutory contempt power, distinct from the court's inherent contempt powers in bankruptcy proceedings, for which Congress unequivocally waives sovereign immunity. *Jove*, 92 F.3d at 1553. The language of § 105 encompasses "any type of order whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to carry out the provisions of the Bankruptcy Code.'" *Id.* at 1553-54. Therefore, "§ 105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary and appropriate' to carry out the provisions of the Bankruptcy Code." *Id.*

In re Hardy, 97 F.3d 1384, 1389-90 (11th Cir. 1996).

The court is not deciding this issue at this juncture. However, the court will only award punitive damages if it is firmly convinced they are available in a civil § 105 context. Some courts have made it clear that any serious, i.e. sizeable, punitive damage awards give a defendant a jury trial right. *E.g. Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1193-94 (9th Cir. 2003); *Cox, supra*, note 4.

6

enforce its own orders and procedures. See *Dunmore v. U.S.*, 358 F.3d 1107, 1114-15 (9th Cir. 2004).

4.

Thigpen asserts that even if Matrix had a right to a jury trial as to the relief sought in her complaint, Matrix waived its right by filing a proof of claim in Ms. Thigpen's case.[3] The U.S. Supreme Court in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 721, 112 L.Ed. 2d 709 (1990) held that the filing of a proof of claim by a creditor "triggers the process of 'allowance and disallowance of claims,' thereby subjecting [the creditor] to the bankruptcy court's equitable power." *Langenkamp*, 498 U.S. at 44-45.

Matrix asserts that the filing of a proof of claim alone does not constitute a waiver of the right to a jury trial in all circumstances. As stated in *Germain v. Connecticut National Bank*, 988 F.2d 1323 (2nd Cir. 1993), the *Granfinanciera, S.A. v. Nordberg case*, 492 U.S. 22, 109 S.Ct. 2782, 109 L.Ed.2d 26 (1989)

> stands for the proposition that by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim . . . It is reasonable that a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor and which creditors are senior in the creditor hierarchy. . .We conclude that neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed. For a waiver to occur, the dispute must be part of the claims-allowance process or effect the hierarchical reordering of creditors' claims.

*Germain*, 988 F.2d at 1329-30.

---

[3] The court takes judicial notice of the claims register in Ms. Thigpen's case which shows a proof of claim filed by Matrix.

7

Only issues directly related to the adjudication of the validity, priority and extent of Matrix's claim should be considered as outside the bounds of a jury trial. Issues unrelated to claims allowance should require a separate waiver.

This court concludes that the decisions subsequent to *Langenkamp, supra.*, that limit the waiver of the right to a jury trial to issues tied to the claims allowance process are correct. Waiver is the intentional relinquishment of a known right or privilege. *Standard Industries, Inc. v. Tigrett Industries, Inc.*, 397 U.S. 586, 587, 90 S.Ct. 1310, 1311, 25 L.Ed.2d 590 (1970); *Johnson V. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If Matrix could not have forseen the issues raised in this complaint and the complaint is not rooted in the claims allowance process, no waiver occurred.

This court believes Matrix could or should have forseen litigation about its affidavit preparation process if what debtor alleges is true. Execution of signature pages and/or notarization of them separate and apart from the body of affidavits should be an obviously inappropriate action. Notarization requires a complete affidavit and a signer and notary in one place at one time. Thigpen v. Matrix Financial Services Corporation (In re Thigpen), Case No. 02-14280-MAM-13, Adv. No. 04-01035 (Bankr. S.D. Ala. May 25, 2004), Order Denying Defendant's Motion to Dismiss Complaint.

The more difficult issue is whether the execution of the affidavit was part of the claims allowance process. Matrix filed the affidavit with the court as a part of a motion for relief from the stay. 11 U.S.C.§ 362. Matrix sought to have the court remove its relationship with the debtor from the protection of the automatic stay. This action does not directly tie to the

8

allowance or disallowance of Matrix's claim. Therefore, Matrix did not waive its right to a jury trial in this case by filing a proof of claim.

## CONCLUSION

The debtor, Monica Thigpen, chooses to limit the relief pursued in her complaint to those civil remedies accorded to her under § 105 of the Bankruptcy Code. Based upon this limitation of her complaint, the Court concludes that Matrix Financial Services Corporation does not have a right to a jury trial. For this reason, the plaintiff's motion to quash jury trial demand is to be granted, and the defendant's motions to reconsider, alter or amend the court's order of May 25, 2004 and the defendant's renewed motion to dismiss the case is to be denied.

IT IS ORDERED that

1. The motion of Matrix Financial Corporation to reconsider, alter or amend and alternative renewed motion to dismiss is DENIED;

2. The motion of Monica Thigpen to strike the defendant's jury demand is GRANTED; and

3. This order is subject to and dependent upon the District Court's ruling on the motion to withdraw reference.

Dated: August 2, 2004

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

RALPH BOWMAN and
BRENDA BOWMAN

Case No. 03-10016-MAM-13

Debtors

RALPH BOWMAN and
BRENDA BOWMAN

Plaintiffs

vs.

Adv. No. 04-01038

BANK ONE, NATIONAL ASSOCIATION

Defendant

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO APPEAL
AND RECOMMENDING DENIAL OF THE MOTION TO WITHDRAW
REFERENCE AND GRANTING PLAINTIFFS' MOTION TO STRIKE
JURY DEMAND**

Steve Olen, Steven L. Nicholas, Royce A. Ray, III, Mobile, AL, Attorneys for the
    Plaintiffs
Donald J. Stewart, Mobile, AL, Attorney for the Plaintiffs
Jeffery J. Hartley, Mobile, AL, Attorney for the Defendant
Alan Maclin, Mark G. Schroeder, Brent R. Lindahl, Minneapolis, MN, Attorneys for the
    Defendant

This case is before the court on the motions of defendant, Bank One, for leave to appeal

and for withdrawal of the reference and on the motion of the plaintiffs, Ralph and Brenda

Bowman, to strike the defendant's jury demand. The court has jurisdiction to hear the motion for

1

leave to appeal and the motion to strike the jury demand pursuant to 28 U.S.C. § § 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the court has the authority to enter final orders. As to the motion to withdraw the reference, the District Court has the authority to enter an order in that matter and this court will forward the motion to the District Court together with this order as its report and recommendation. 28 U.S.C. § 157(d). For the reasons indicated below, the court is denying the motion for leave to appeal, recommending that the District Court deny the motion to withdraw the reference, and granting the motion of the plaintiffs to strike the defendant's jury demand.

## FACTS

The facts in this case, at least at this stage of the case, are identical to the facts pleaded in two other cases also before the court at this time: Thigpen v. Matrix Financial Services Corp. and Brannan v. Wells Fargo Home Mortgage, Inc. The court adopts the fact recitations in those case opinions. The court has based its rulings to date in those cases on the allegations of the complaint only. The Brannan case has the same motions pending in it and the complaint is virtually identical. The arguments raised by plaintiffs and defendants in the two cases are very similar. The court therefore adopts the ruling made in the Brannan case by reference and attaches a copy to this order.

IT IS ORDERED that :

1. The motion of the plaintiffs, Ralph and Brenda Bowman, to strike the jury demand of the defendant, Bank One, is GRANTED;

2. The motion of the defendant, Bank One, for leave to appeal is DENIED; and

3. This order is be considered as a report and recommendation to the District Court as to the defendant's motion to withdraw the reference and the court recommends that the motion be denied.

Dated: August 2, 2004

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

3