IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re:

MARK JOSEPH BRANNAN,                                Case No.: 02-16647
KELLY ANN BRANNAN,

      Debtors.

MARK JOSEPH BRANNAN,
KELLY ANN BRANNAN,

      Plaintiffs,

vs.                                                Adv. Proc. No.: 04-01037


WELLS FARGO BANK, N.A.,

      Defendant.

**ORDER DENYING DEFENDANT'S REQUEST FOR CERTIFICATION FOR
IMMEDIATE APPEAL**

Steve Olen and Steven L. Nicholas, Attorneys for the Plaintiffs, Mobile, AL
Ian David Rosenthal, Attorney for the Plaintiffs, Mobile, AL
Henry A. Callaway, III and Jennifer S. Morgan, Attorneys for the Defendant,
Mobile, AL

At issue is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") request

for certification for immediate appeal, which is made pursuant to 28 U.S.C. § 158(a)(3) and

(d)(2)(A)-(E). The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2) and the court has the authority to enter a final order. For the reasons indicated

below, the defendant's request for certification for immediate appeal is denied.

1

## FACTS

The court incorporates the findings of fact in its order dated November 7, 2011, *In re Brannan*, 2011 WL 5331601 (Bankr. S.D. Ala. November 7, 2011), which denied certification of the Plaintiffs' first proposed class, but gave the Plaintiffs' leave to amend, and its order granting the Plaintiffs' recast motion for class certification entered January 8, 2013, *In re Brannan*, 485 B.R. 443 (Bankr. S.D. Ala. 2013). There is no need to restate those findings. Following the court's certification of the class, Wells Fargo filed a notice of appeal, seeking leave to appeal this court's interlocutory certification order to the Federal District Court for the Southern District of Alabama. The District Court denied Wells Fargo's request. *In re Brannan*, 2013 WL 838240 (S.D. Ala. March 5, 2013).

Wells Fargo filed a request for a direct appeal to the Eleventh Circuit Court of Appeals after the District Court's denial. The Plaintiffs' submitted a brief in opposition to certification of a direct appeal. A limited hearing was held on March 27, 2013. At the hearing, the court questioned the parties regarding how much time and work would be necessary to get the case ready for trial. The Plaintiffs' asserted that little work was left to do, consisting primarily of discovery and identification of class claimants. The Defendant countered that additional evidence would need to be gathered, individual file reviews would need to be conducted, and that the process could take significant time. Counsel for the Plaintiffs asserted that even if the case was sent to the circuit court now and the class certification overturned, a trial would still need to be conducted regarding fraud upon the court and potential sanctions. That trial, according to the Plaintiffs, would largely involve the same evidence and issues as the class action trial. Subsequent to the hearing, counsel for the Defendant filed a letter further arguing that much would need to be done in order to get the case ready for trial, including issues not

discussed at the hearing like giving notice to potential class claimants and providing time for those claimants to opt-out.

## LAW

In order for this court to grant Wells Fargo's request and certify a direct appeal to the Eleventh Circuit Court of Appeals a two-step process must be satisfied. First, pursuant to 28 U.S.C. 158(d)(2)(A), this court must determine if any of the following criteria are met:

> (i)      the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States <u>or</u> involves a matter of public importance;
>
> (ii)      the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; <u>or</u>
>
> (iii)      an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

(emphasis added). Despite its patent division into three prongs, § 158(d)(2)(A) creates four circumstances that justify certification of a direct appeal. Nonetheless, if any one of the certification criteria applies, then this court must certify the appeal. Assuming that occurs, then, upon certification, the Eleventh Circuit is given the discretion to decide whether to authorize the direct appeal. Interlocutory orders of bankruptcy courts, like the class certification order at issue here, are eligible for direct appeal. *In re OCA,* 552 F.3d 413, 418 (5th Cir. 2008).

After reviewing all of the pleadings and arguments, it is clear that this is not an appropriate case for direct review. The four prongs of § 158(d)(2)(A) will be discussed separately.

### 1.Controlling precedent

The question of law in this case, whether the Plaintiffs' proposed class is eligible and appropriate for class certification, is answered by reference to established, controlling Eleventh

Circuit and Supreme Court class action case law. *See Wal-Mart Stores, Inc. v. Dukes*, --- U.S. ---, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986); *Sikes v. Teleline Inc.*, 281 F.3d 1350 (11th Cir. 2002); *Jackson v. Motel 6 Multipoint, Inc.*, 130 F.3d 999 (11th Cir. 1997); *Murray v. Auslander*, 244 F.3d 807 (11th Cir. 2001); *Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004). That law and its standards are precisely what this court relied upon in certifying the Plaintiffs' proposed class.

Moreover, Wells Fargo does not point to a narrow legal issue or controlling question of law that could be efficiently decided by the court of appeals. The District Court noted the same in its opinion denying Wells Fargo's request for leave to appeal. *In re Brannan*, 2013 WL 838240, at *3 n.6 (S.D. Ala. March 5, 2013). Section 158(d)(2)(A) appeals are not meant to decide a "question of law [which is] heavily dependent on the particular facts of a case" but rather, are designed to allow the court of appeals to make a decision "[w]hen a discrete, controlling question of law is at stake." *Weber v. U.S.*, 484 F.3d 154, 158 (2d Cir. 2007); *see also In re American Home Mortg. Inv. Corp.*, 403 B.R. 42 (D. Del. 2009); *In re Tribune,* 477 B.R. 465, 472 (Bankr. D. Del. 2012). Class action certification determinations are inherently fact-sensitive and this case is no exception—the factual findings are based on over 600 allegedly flawed affidavits.

The § 158(d)(2)(A) direct appeals that the Eleventh Circuit has accepted in the past centered on pure questions of law. *See In re Barrett*, 543 F.3d 1239 (11th Cir. 2008) (interpreting the hanging paragraph in 11 U.S.C. § 1325(a)(9) with regard to deficiency claims when a debtor surrenders a "910 vehicle"); *In re Dean*, 537 F.3d 1315 (11th Cir. 2008) (deciding whether a claim which falls within the hanging paragraph is an allowed secured claim entitling the creditor to payment in full, plus post-petition interest); *Perkins v. Haines*, 661 F.3d 623 (11th Cir. 2011)

(interpreting the "for value" language in 11 U.S.C. § 548(c) in the context of Ponzi schemes). Wells Fargo's request for a direct appeal is not similarly limited or narrow, but instead proposes broad questions which invoke mixed factual and legal questions. *See American Home Mortg.*, 408 B.R. at 43-44 (explaining that direct appeals must focus on pure legal questions that are specifically linked to issues in a bankruptcy court's decision). For instance, Wells Fargo's contention that this court certified the Plaintiffs' class without considering the veracity of each class members' claim is so encumbered by issues of fact that it in no way mirrors the types of questions considered in § 158(d)(2)(A) appeals.

### 2. Matter of public importance

Wells Fargo argues that this case involves a matter of public importance, thus justifying immediate appeal. This court disagrees. "To constitute an issue of 'public importance,' the issue on appeal must transcend 'the litigants and involve a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case.'" *In re Tribune*, 447 B.R. at 472. No such question exists in this case. This court's ruling was in line with established class certification and "fraud on the court" jurisprudence. Thus, no substantive rights were expanded by this court's ruling. Moreover, it is significant that no evidentiary or liability determinations were made in the certification opinion. Therefore, Well Fargo's due process concerns are moot.

While the outcome of this litigation is of great importance to the parties involved, its conclusion does not rise to the level contemplated by § 158(d)(2)(A)(i). *See Mark IV Industries, Inc. v. New Mexico Environment Dept.*, 452 B.R. 385, 389 (S.D.N.Y. 2011). ("An appeal that impacts only the parties, and not the public at large, is not a matter of public importance."). Wells Fargo has not explained "how resolution of the issues on appeal would advance the

5

development of the law to an unusual degree, or impact the public at large." *Id*. That conclusion is not altered by the potential impact of this case on the nine other class action cases pending in this court and other bankruptcy courts in this state.

Wells Fargo questions this court's subject matter jurisdiction to certify the class because some of the bankruptcy cases in question are closed and some were dismissed or closed prior to the filing of the Plaintiffs' adversary proceeding. That question is not appropriate for direct appeal as a matter of public importance because this court's ability to reopen bankruptcy cases for cause is very well-settled. 11 U.S.C. § 350; *In re Ross*, 278 B.R. 269, 271 (Bankr. M.D. Ga. 2001). A determination by this court that contempt, fraud on the court, or abuse of process was committed would probably constitute ample cause. Further, it is only speculative at this stage of the case as to how the closed cases would be handled. None are at issue yet except the Brannan case. However, the Brannan case was open when the adversary was filed and the court had jurisdiction over the adversary at that time and the adversary was never closed. *In re Smith*, 2008 WL 7874258 (Bankr. N.D. Ga. 2008); *In re Roy*, 2010 WL 2928463, at \*4 (Bankr. N.D. W.Va. July 26, 2010).

In addition, there is no question that this court has exclusive jurisdiction over this issue for all of the possible claims of debtors. A contempt or fraud on the court or abuse of process that occurred in *this court* can only be redressed here. *In re Schlictmann*, 375 B.R. 41, 90 (Bankr. D. Mass. 2007). Further, all of the matters arise in cases under title 11 and arise under title 11. Wells Fargo cites the Supreme Court's *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), opinion in support of its argument. This case is unlike the *Lujan* suit. The debtors who will be in the certified classes were debtors for whom this court had the sole right to redress contempt, abuse of process, or fraud on the court. That jurisdiction was not lost at the closure of the cases.

Case 04-01037   Doc 296   Filed 04/03/13   Entered 04/03/13 15:42:13   Desc Main
Document     Page 6 of 8

In *Lujan*, the parties that might have been bound by a judgment for the Wildlife Federation were never going to be made parties to the suit or given notice of it before a judgment. That is not the case here.

### 3. Conflicting decisions

This prong is not implicated in this case. Wells Fargo has not identified conflicting decisions within this circuit on the issues involved. *See* 1 *Collier on Bankruptcy* ¶ 5.06[4][c] (16th Ed. 2012) (requiring conflicting decisions to be within a particular circuit for § 158(d)(2)(A) purposes).

### 4. Material advancement of the case

Sending Wells Fargo's proposed issues to the Eleventh Circuit would not materially advance this case. This case does not lend itself to a quick, one issue review which will resolve the matter at hand and obviate the need for this court to conduct a trial. The Second Circuit in *Weber v. U.S.* had this to say about the material advancement prong of § 158(d)(2)(A):

> Where a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear. Where that ruling is manifestly correct or manifestly erroneous, the parties would profit from its immediate review in this court.

*Weber*, 484 F.3d at 158. Wells Fargo's issues with this court's class certification opinion do not fit the Second Circuit's description. Review of Wells Fargo's legal concerns by the Eleventh Circuit will not wrap up this litigation. This court will still have to try the case even if the circuit court reverses the class certification. That trial would include essentially the same evidence as a trial on the merits of the class action litigation. If this case is to ultimately go up on appeal, it makes more sense for the appellate courts to receive the total package, mixed legal and factual

7

issues in tow, rather than a disfavored interlocutory review. It is not clear to this court that the

parties would profit from an immediate review.

THEREFORE IT IS ORDERED

1. Wells Fargo's request for certification of an immediate appeal is DENIED.

2. This matter is set for status on April 22, 2013 @ 10:00 a.m.


Dated:   April 3, 2013




MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE